## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JEREMY ALEXANDER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **HOTEL MANAGEMENT SERVICES,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Hotel Management Services, LLC ("Defendant") files this Notice of Removal and, in support thereof, would show the Court as follows:

1.      On March 15, 2024, Plaintiff Jeremy Alexander ("Plaintiff") filed his Original Petition in cause number DC-24-04071, styled *Alexander v. Hotel Management Services, LLC*, in the 68th Judicial District Court of Dallas County, Texas. Defendant was served with the Original Petition on March 19, 2024. Defendant timely filed its Answer in the State Court on April 12, 2024.

2.      Pursuant to 28 U.S.C. section 1446(a), attached hereto are copies of all process, pleadings and orders served upon Defendant and all pleadings and orders in the removed case. In particular: (i) an index of the matters filed in the below court as Exhibit A; (ii) a copy of the citation and executed service return is attached as Exhibit B; (iii) a copy of the Plaintiffs' Petition is attached as Exhibit C; (iv) a copy of Defendant's Answer is attached as Exhibit D; (v) a copy of the docket sheet in the state court action is attached as Exhibit E; and (vi) a Certificate of Interested Persons is attached as Exhibit F.

3.      This notice of removal is timely filed under 28 U.S.C. §1446(b) because it is filed within thirty days after Defendant first received a copy of a paper from which it could first be ascertained that the case is one which is or has become removable; *i.e.*, Plaintiff's Original Petition.

4.      The claims asserted against Defendant are civil actions over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  At the time this action commenced, Plaintiff was and still is a citizen of the State of Oklahoma. Defendant is a Delaware limited liability company with its principal place of business in Boise, Idaho. Further, Defendant's sole members are Ryan Van Alfen and Jason Kotter, who are both citizens of Idaho. Consequently, Defendant is a citizen of Idaho.[1]

5.      The amount in controversy exceeds $75,000 based on Plaintiff's state court Petition. (Pl.'s Original Pet. ¶ II.)

6.      The one-year statute of limitation on removal of diversity cases imposed by 28 U.S.C. § 1446(b) does not prevent removal because this action was commenced less than one year ago.

7.      <u>Notice to State Court</u>. Pursuant to 28 U.S.C. § 1446(d), Defendant will serve written notice of this removal on the state court promptly after filing this Notice of Removal.

FOR THESE REASONS, Defendant hereby effectuates removal of this cause to this Court.

---

[1] *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("A limited liability company shares the citizenship of its members.").

Respectfully submitted,

**HOLDEN LITIGATION,** *Holden, P.C.*


*/s/ Kristen Lawhorn*
KRISTEN LAWHORN
State Bar No. 24071187
KristenLawhorn@HoldenLitigation.com
10000 North Central Expy, Suite 360
Dallas, Texas 75231
Telephone (214) 745-8888
Facsimile (918) 295-8889

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2024, I electronically transmitted this document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those parties registered for ECF service.

TODD G. RIFF
GAILY M. BULTRON
JACLYN RIFF
903 Welch St.
Houston, Texas 77006
ATTORNEYS FOR PLAINTIFF


*/s/ Kristen Lawhorn*
Kristen Lawhorn